■ In the Matter of NICHOLAS CASALE, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, and MATTHEW D. SANSVERIE, Sued Herein as MARTIN SANSVERIE, Inspector General, Metropolitan Transportation Authority, Appellant. [850 NYS2d 79]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about August 10, 2006, which, in a proceeding against the Metropolitan Transportation Authority (MTA) and various of its officials seeking a name-clearing hearing, petitioner's reinstatement to his position as MTA's Deputy Director of Security, and damages pursuant to 42 USC § 1983 based on respondents' failure to afford petitioner due process, denied respondent-appellant MTA Inspector General's motion

to dismiss the amended petition as against him, unanimously reversed, on the law, without costs, and the petition dismissed as against appellant.

"[D]efamation alone, even by a government entity, does not constitute a deprivation of a liberty interest protected by the Due Process Clause. Some 'stigma plus' must be shown before mere defamation will rise to the level of a constitutional deprivation. . . . '[I]n the context of defamation involving a government employee, defamation . . . is not a deprivation of a liberty interest unless it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status' " (*Aquilone v City of New York*, 262 AD2d 13, 13-14 [1999], *lv denied* 93 NY2d 819 [1999], quoting *Martz v Incorporated Vil. of Val. Stream*, 22 F3d 26, 32 [2d Cir 1994]). While appellant, as MTA's Inspector General, has authority to investigate alleged abuses and frauds in the maintenance and operation of MTA's facilities, he does not have the authority to provide petitioner with the process he has requested or to reinstate him to his position with MTA (Public Authorities Law § 1279 [4]). While petitioner proposes various remedial actions that appellant could have taken, including withdrawing or revising his report based upon his subsequent findings, recommending petitioner's reinstatement, and monitoring MTA's implementation of that recommendation (*see id.*), in the absence of statutory authority permitting appellant to provide the pre- or post-termination process to which petitioner alleges he was deprived, these proposed remedies relate only to the stigma caused by appellant's report, not the "plus" of termination required to establish petitioner's due process claim (*Anemone v Metropolitan Transp. Auth.*, 410 F Supp 2d 255, 270 [SD NY 2006], citing *Velez v Levy*, 401 F3d 75 [2d Cir 2005]). Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ.