■ MALLARDS DAIRY, LLC, Respondent, v E&M ENGINEERS & SURVEYORS, P.C., Appellant. [897 NYS2d 552]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered May 12, 2009 in a breach of contract action. The order, inter alia, denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the third and sixth causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff and defendant entered into a contract pursuant to which defendant was to "[p]rovide engineering design for a new manure treatment/storage facility . . . [to] be comprised of a single earthen storage pond." Defendant also agreed to provide "[c]onstruction inspection for ultimate certification to [the New York State Department of Environmental Conservation] . . . on a part time basis." Following completion of the pond, plaintiff determined that the pond was leaking and commenced this action seeking damages that it sustained as a result of the leak. Plaintiff asserted causes of action for negligence, breach of contract and breach of express warranty.

Defendant moved for summary judgment dismissing the complaint and, in support of its motion, submitted an expert affidavit. Plaintiff opposed the motion three days before the adjourned return date and failed to include an expert affidavit in its opposing papers. It is undisputed that plaintiff's opposition to the motion was untimely (see CPLR 2214 [b]). At oral argument of the motion, plaintiff's attorney stated that there were several reasons for his failure to include an expert affidavit in opposition to the motion. First, he asserted that he had been "sandbagged" and had "not [been] led to believe that [defendant had] hired [an expert]." Second, he asserted that, upon

discovering that defendant had submitted an expert affidavit in support of the motion, he "scurried around trying to find one, thought about it, consulted with [his] clients and was unable to do that by the return date." Third, plaintiff's attorney asserted that he did not think the case required an expert because his clients were "quite qualified to know what [they are] talking about, being in the business that [they are] in" and because the matters to be tried were "very simple context things," such as water flowing downhill.

Supreme Court reserved decision and, 13 days later, plaintiff's attorney submitted an expert disclosure, requested an adjournment of the trial based on the fact that a principal of plaintiff would be out of the country, and requested permission to serve a late affidavit from plaintiff's expert in response to the pending motion. The court granted the request for an adjournment and, in granting plaintiff permission to serve an expert affidavit, the court noted its preference to resolve cases on the merits. Defendant in turn was permitted to serve a reply affidavit, and the court thereafter denied defendant's motion.

Defendant contends on appeal that the court erred in considering plaintiff's untimely expert affidavit. We reject that contention. " 'While a court can in its discretion accept late papers, CPLR 2214 and [CPLR] 2004 mandate that the delinquent party offer a valid excuse for the delay' . . . Additional factors relevant when essentially extending the return day by accepting late papers include, among others, the length of the delay and any prejudice" (*Associates First Capital v Crabill*, 51 AD3d 1186, 1187 [2008], *lv denied* 11 NY3d 702 [2008]; *see generally Foitl v G.A.F. Corp.*, 64 NY2d 911, 912-913 [1985]). We conclude that the court neither abused nor improvidently exercised its discretion in considering plaintiff's untimely expert affidavit. Although the delay was approximately five weeks after the date on which the opposing papers were due, plaintiff specifically requested and was granted permission to serve the late affidavit (*cf. Matter of Gustina*, 135 AD2d 1124 [1987], *appeal dismissed* 72 NY2d 840 [1988], *rearg denied* 72 NY2d 953 [1988]). Plaintiff's attorney offered an excuse for the delay (*see e.g. Associates First Capital*, 51 AD3d at 1187-1188; *Radaelli v City of Troy*, 229 AD2d 882, 883 [1996]), and any prejudice was alleviated when defendant was permitted to submit a reply affidavit in response to plaintiff's late submission (*see e.g. Vlassis v Corines*, 254 AD2d 273 [1998]; *Kavakis v Total Care Sys.*, 209 AD2d 480 [1994]).

We agree with defendant, however, that the court erred in denying that part of its motion for summary judgment dismiss-

ing the breach of warranty causes of action. We therefore modify the order accordingly. Where, as here, a contract between the parties is for services, a cause of action for breach of warranty will not lie (*see generally Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482, 485-488 [1977]; *Perlmutter v Beth David Hosp.*, 308 NY 100 [1954], *rearg denied* 308 NY 812 [1955]). Rather, "[i]f [services are] performed negligently, the cause of action accruing is for that negligence. Likewise, if it constitutes a breach of contract, the action is for that breach" (*Aegis Prods. v Arriflex Corp. of Am.*, 25 AD2d 639 [1966]; *see Rochester Fund Muns. v Amsterdam Mun. Leasing Corp.*, 296 AD2d 785, 787 [2002]). Present—Smith, J.P., Carni, Pine and Gorski, JJ.