10-1242-cv
Guerra v. Jones

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand eleven.

PRESENT:

> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

DOMINGO P. GUERRA,

> *Plaintiff-Appellant*,

> v.                                                                          10-1242-cv

STEPHEN C. JONES, SCSD Superintendent for 2004-2005 School Year, *et al.*,

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**          Domingo P. Guerra, *pro se*, DeWitt, New York.

**FOR DEFENDANTS-APPELLEES:**          Miles Gerard Lawlor, Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C., East Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McCurn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Domingo Guerra ("Guerra"), proceeding *pro se*, appeals from the district court's grant of summary judgment to the Defendants-Appellees ("the Defendants") with respect to his "stigma-plus" claims and his employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment de novo, focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After an independent review of the record and the relevant case law, we conclude that the district court properly granted summary judgment with respect to the Title VII and ADEA claims substantially for the reasons stated in its March 2010 decision. *See Guerra v. Jones,* No. 5:08-CV-0028, 2010 WL 986403, at *6-*8 (N.D.N.Y. March 17, 2010). As the district court concluded, dismissal of the Title VII and ADEA claims against the individual Defendants was appropriate as

neither statute subjects individuals, even those with supervisory liability over the plaintiff, to personal liability. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). Moreover, we agree with the district court that Guerra failed to file suit within ninety days of receiving a right-to-sue letter from the EEOC regarding his retaliation claims, as required to bring suit on those claims. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII claim); 29 U.S.C. § 626(e) (ADEA claim). Further, the plaintiff failed to demonstrate any extraordinary circumstances meriting application of equitable tolling with respect to that limitations period. *See, e.g., Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

In addition, we conclude that the district court did not abuse its discretion in denying Guerra's motion to amend his complaint to add the Syracuse City School District as a defendant. Noting that the motion had already been denied by the magistrate judge and that the request came a full sixteen months after Guerra filed his complaint, the district court further proceeded to determine that amending the complaint would be futile in light of the absence of any evidence that the plaintiff's age or race was a motivating factor in his dismissal. While leave to amend should of course be freely granted and, in particular, a *pro se* plaintiff "should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)), here we cannot say the district court abused its discretion in denying the motion in light of the undue delay and futility of the proposed amendment. *See Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69-70 (2d Cir. 1998).

Guerra also asserts that the grant of summary judgment was improper because he was afforded an insufficient opportunity to conduct discovery prior to the motion for summary judgment. Guerra referenced Rule 56(f) of the Federal Rules of Civil Procedure in opposing summary

3

judgment before the district court and he raises a number of challenges to discovery rulings on appeal. We review discovery rulings generally and a district court's denial of a motion under Rule 56(f) specifically for abuse of discretion. *See In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008) (discovery rulings); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (Rule 56(f) motions). As a general matter, a district court has "wide latitude" in determining the scope of discovery. *In re Agent Orange*, 715 F.3d at 103. Here, we cannot say that Guerra demonstrated that the district court failed to afford him "a meaningful opportunity to establish the facts necessary to support his claim," *id.*, or that its rulings in resolving the numerous motions and objections raised by Guerra in the course of discovery otherwise constituted an abuse of discretion.

Moreover, in opposing summary judgment pursuant to Rule 56(f), a party is required to submit an affidavit which includes "the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful." *Paddington Partners*, 34 F.3d at 1138. For both Guerra's Title VII and ADEA claims against the individual Defendants and his retaliation claims, it is clear that no amount of further discovery would permit him to avoid a grant of summary judgment in the Defendants' favor, given the unresolvable defects of both sets of claims. Even accounting for Guerra's *pro se* status and considering whether he demonstrated an entitlement to additional discovery on claims he sought to add against the school district, he simply failed to identify to the district court — as he failed to do in this Court — any additional discoverable facts that could "reasonably [be] expected to create a genuine issue of material fact" so as to preclude summary judgment. As a result, the court did not abuse its discretion in granting summary judgment in the face of Guerra's Rule 56(f)-based objection.

4

We also conclude that the grant of summary judgment on Guerra's stigma-plus claims was proper, albeit relying on a different basis than that offered by the district court. This Court has recognized that "[l]oss of one's reputation can . . . invoke the protections of the Due Process Clause if that loss is coupled with the deprivation of a more tangible interest, such as government employment." *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004). While, as the district court noted, a probationary teacher in Guerra's position — an at-will government employee — has no Fourteenth Amendment property interest in continued employment, *see Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006), for such an employee, "a cause of action under § 1983 for deprivation of a *liberty* interest without due process of law may arise when an alleged government defamation occurs in the course of dismissal from government employment," *Patterson*, 370 F.3d at 330 (emphasis added).

To state a stigma-plus claim in connection with the termination of government employment, then, a plaintiff must first show that the government made stigmatizing statements about the plaintiff that "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 630-31 (2d Cir. 1996). "A plaintiff generally is required only to raise the falsity of these stigmatizing statements as an issue, not prove they are false." *Patterson*, 370 F.3d at 330. Second, a plaintiff must prove these stigmatizing statements were made public. *See id.* "This requirement is 'satisfied where the stigmatizing charges are placed in the discharged employee's personnel file and are likely to be disclosed to prospective employers.'" *Donato*, 96 F.3d at 631-32 (quoting *Brandt v. Board of Coop. Educ. Servs.*, 820 F.2d 41, 45 (2d Cir. 1987)). Third, a plaintiff must show the stigmatizing statements were made contemporaneously with the plaintiff's

dismissal from government employment.  *See Patterson*, 370 F.3d at 330.

Here, the district court erred when it held that Guerra's probationary status prevented him from establishing the "plus" element of a stigma-plus claim.  As Guerra correctly points out, he premised his claims upon a deprivation of a liberty interest, not a property interest.  The district court further held that "no defamatory or stigmatizing statements were made in reference to Guerra" and that the complained of statements "were in no way 'published'" and "not concurrent in time with Guerra's dismissal," albeit without specifying the factual bases for each of these conclusions with respect to the various statements identified by Guerra as supporting his stigma-plus claim.  *See Guerra,* 2010 WL 986403, at *10.  However, even if we assume that for at least some statements Guerra could satisfy each of the three elements necessary to establish a "stigma-plus" claim, we must nonetheless conclude that the claim would fail.  "The appropriate remedy for a stigma-plus claim premised on a plaintiff's termination from at-will government employment is a post-deprivation name-clearing hearing."  *Patterson*, 370 F.3d at 335; *see also Segal*, 459 F.3d at 212-13.  "This hearing gives the plaintiff an opportunity to hear and answer first-hand any stigmatizing charges, clearing his name of any false statements made about him, and curing the injury to his reputation."  *Patterson*, 370 F.3d at 335.

Here, Guerra had available to him adequate process in the form of a post-deprivation Article 78 hearing in state court.  Under New York law, to establish a due process liberty interest entitling one to a name-clearing hearing pursuant to Article 78, one must show the same three elements needed to establish a stigma-plus claim: an allegedly defamatory governmental action together with a loss of employment and the dissemination of the stigmatizing material.  *See Swinton v. Safir*, 93 N.Y.2d 758, 764 (1999); *see also id.* at 765 ("[W]here the discharged employee is seeking only expungement of stigmatizing material in a personnel file . . . a likelihood of dissemination is

6

sufficient to trigger one's right to a departmental name-clearing hearing."). As a result, we have no reason to believe that Guerra could not have pursued such a hearing in this case. For an at-will government employee — which Guerra was given his status as a probationary teacher at the time the relevant events occurred — "[a]n Article 78 hearing provides the requisite post-deprivation process — even if [Guerra] failed to pursue it." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011). We therefore affirm the grant of summary judgment on Guerra's stigma-plus claims.

We have considered all of Guerra's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk