ROBERT GOSDEN et al., Respondents, v ELMIRA CITY SCHOOL DISTRICT et al., Appellants. [934 NYS2d 256]—

Lahtinen, J.

Plaintiff Robert Gosden is a former administrator at defendant Elmira City School District (hereinafter District) who retired in 2006. This action was commenced alleging, among other things, that the District and two members of defendant Elmira City School District Board of Education (hereinafter Board)—defendant Dan Hurley and defendant Lynn Grottenthaler—breached a settlement agreement and defamed him. The settlement agreement resulted from an audit by the Comptroller which concluded that Gosden may have been improperly paid in excess of $35,000 for accrued annual leave when he retired and recommended that the District take steps to recoup the funds. The Comptroller noted ambiguity in Gosden's contract, and a separate audit by the District indicated the amount due was about $13,400. Gosden and the District eventually entered into a settlement in which Gosden agreed to pay the District $8,000 in full satisfaction of any claim that the District might have against him. The agreement also included a confidentiality provision, as well as a recitation that Gosden disputed that any overpayment had occurred.

A local newspaper obtained a copy of the agreement under

the Freedom of Information Law (see Public Officers Law art 6) and published articles about it and the Comptroller's report in October 2008. In the meantime, Gosden and his company— plaintiff Manus Management Consultant Services, Inc.—had contracted through the Board of Cooperative Educational Services to supply services to area school districts, including providing financial responsibility training to Board members. In an article published in the local newspaper in November 2008, Board members Hurley and Grottenthaler were reported as being insulted and angry that Gosden would be paid to train them about financial responsibility and they were quoted as saying, among other things, that Gosden had admitted to wrongdoing regarding his annual leave payout. Similar comments were reiterated by Hurley and Grottenthaler at a Board meeting. Soon thereafter, the Board of Cooperative Educational Services canceled a contract with Manus Management.

Before disclosure was completed in this action, defendants moved to dismiss (see CPLR 3211 [a]) and for summary judgment (see CPLR 3212). Plaintiffs cross-moved for summary judgment on their breach of contract cause of action. Supreme Court denied defendants' motions, but granted plaintiffs' cross motion. The court awarded plaintiffs the $8,000 that Gosden had paid to settle the potential claims against him plus an amount to be determined at an inquest based on lost business by plaintiffs. Defendants appeal.

We consider first defendants' argument that there are factual issues regarding plaintiffs' breach of contract cause of action. Although the settlement agreement had a confidentiality provision, the parties also recognized in the agreement that it might be disclosed for a lawful purpose and they specifically set forth permitted comments by the parties in the case of such disclosure. As relevant here, the parties agreed that "[a]ll other inquiries about this Settlement Agreement or the matter to which it pertains will be responded to by the [p]arties by stating that the matter has been 'settled to the satisfaction of the parties.' " The terms of the agreement did, in fact, become public pursuant to a Freedom of Information Law request and there is no contention on appeal that this disclosure was improper. Hurley and Grottenthaler had been Board members when the settlement was negotiated and remained Board members at the time of their comments. Their comments, which were reported in a local newspaper in November 2008 and reiterated at a Board meeting, went beyond the scope of the comments to which the parties had agreed. This constituted a breach of the terms of the agreement by defendants.

Although there was a breach, to receive more than nominal damages, a successful breach of contract cause of action must also include proof of actual damages caused by the breach (*see Howlett Farms, Inc. v Fessner*, 78 AD3d 1681, 1683 [2010], *lv denied* 17 NY3d 710 [2011]; 2 NY PJI 4:20, at 790 [2011]). On causation and damages, the record reveals factual issues. As for the $8,000 that Gosden paid under the original agreement, it is apparent that a primary purpose of this payment was to obtain a release from a potential—although disputed—liability to the District of in excess of $35,000. Damages in a contract action should leave the injured person in as good a position as full performance, but should not provide a windfall (*see Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 261 [1998]; 2 NY PJI 4:20, at 789-790 [2011]). The amount—if any—of the $8,000 allottable to a breach of the confidentiality provision is a factual determination that may turn in part on proof regarding the intended purpose of such provision (*see Shalor Designs v NBA Props.*, 264 AD2d 686, 687 [1999]).

The issue of damages for purported lost profits is replete with factual issues. We note that these alleged damages are intertwined with a nonparty to the settlement agreement, i.e., Manus Management. Moreover, in light of the fact that both the Comptroller's report and the settlement agreement had been made public and were reported in the newspaper prior to defendants' breach of the confidentiality agreement, there is a factual issue regarding causation. Further, factual issues exist as to whether consequential damages—such as lost profits to either plaintiff—was "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989] [internal quotation marks and citation omitted]; *see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192-193 [2008]). Accordingly, Supreme Court erred in awarding damages of $8,000 and setting an inquest regarding damages for plaintiffs' lost profits.

Turning to plaintiffs' defamation causes of action, Supreme Court denied defendants' dismissal motion without prejudice to seeking summary judgment at the conclusion of disclosure. We agree with Supreme Court that plaintiffs set forth sufficient allegations and facts to avoid dismissal under either CPLR 3211 or CPLR 3212. Some of the comments made about Gosden, when considered in context and tested against the understanding of an average listener, are " 'reasonably susceptible of a defamatory connotation' " (*Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1560 [2010], quoting *James v Gannett Co.*,

40 NY2d 415, 419 [1976]; *accord Clark v Schuylerville Cent. School Dist.*, 24 AD3d 1162, 1163 [2005]) and, accordingly, "it becomes the jury's function to say whether that was the sense in which the words were likely to be understood by the ordinary and average reader" (*James v Gannett Co.*, 40 NY2d at 419; *see Carney v Memorial Hosp. & Nursing Home of Greene County*, 64 NY2d 770, 772 [1985]). Similarly, the various defenses asserted by defendants do not provide a basis for summary disposition of plaintiffs' defamation claims at this point in the litigation. The remaining arguments have been considered and found unavailing.

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' cross motion for partial summary judgment and awarded damages; said motion granted only to the extent of determining that a breach of contract occurred; and, as so modified, affirmed.