■ JAVID ZARABI, Appellant, v INCORPORATED VILLAGE OF ROSLYN HARBOR et al., Respondents. [936 NYS2d 220]—

In August 2000 the plaintiff, a builder, purchased a parcel of real property on Church Street in the Incorporated Village of Roslyn Harbor. The plaintiff hired the defendant John Amisano,

an architect, to prepare plans for modification of an existing house on the property. The Village approved those plans in December 2000, and the plaintiff commenced construction in January 2001. During the course of construction, which was substantially complete by December 2001, the plaintiff made numerous changes to the planned building, for various reasons, including aesthetics, cost, and other considerations. The plaintiff discharged Amisano in January 2002.

Over the course of the next six months, the plaintiff sought a certificate of occupancy, and various inspections took place, performed mostly by the Village Building Inspector, the defendant Kerry G. Collins. Collins found numerous obstacles to the issuance of a certificate of occupancy, including violations that required the plaintiff to perform further work. Collins also required the plaintiff to submit a set of "as-built" plans. The plaintiff contends that many of the problems Collins identified were not violations at all. Rather, the plaintiff contends that Collins was biased against him because of his religion and ancestry, and was also seeking, in collusion with Amisano, to force the plaintiff to pay Amisano money that Amisano claimed the plaintiff owed him. A certificate of occupancy for the house was issued on August 6, 2002, and, on August 16, 2002, the plaintiff sold the property to third-party purchasers.

The plaintiff commenced this action one year later, naming, as defendants, Amisano, Collins, and the Village. The plaintiff seeks to recover damages for tortious interference with contract and conspiracy, and pursuant to 42 USC § 1983 for violations of his state and federal constitutional rights to due process and equal protection. After issue was joined and discovery conducted, the Village and Collins moved, and Amisano separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions, and, upon reargument, adhered to that determination. The plaintiff appeals.

The plaintiff's due process claim was based, in part, on the defendants' alleged deprivation of his ability to work in his chosen field. The defendants established, prima facie, however, that they did not create a "material state-imposed burden or state-imposed alteration of the plaintiff's status or rights" (*Sadallah v City of Utica*, 383 F3d 34, 38 [2004]; *see Matter of Casale v Metropolitan Transp. Auth.*, 47 AD3d 519, 520 [2008]; *Velez v Levy*, 401 F3d 75, 88 [2005]; *cf. Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1562-1563 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Matter of Cardo v Murphy*, 104 AD2d 884, 885 [1984]).

Additionally, the defendants established, prima facie, that, inasmuch as there were building code violations on the property that needed to be corrected, which the plaintiff conceded, any delays in issuing the certificate of occupancy did not amount to egregious conduct so as to amount to a deprivation of the plaintiff's property interests without due process (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 628-629 [2004]; *Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 202 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Summit at Pomona, Ltd. v Village of Pomona*, 72 AD3d 797, 799-800 [2010]).

Next, the defendants established, prima facie, that the plaintiff's right to equal protection was not violated because of disparate treatment of another builder. Specifically, the defendants met their burden of establishing that " 'a prudent person, looking objectively' " at the two different construction projects, would not conclude that they were " 'roughly equivalent' " (*Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d at 203, quoting *Penlyn Dev. Corp. v Incorporated Vil. of Lloyd Harbor*, 51 F Supp 2d 255, 264 [1999]). Rather, the defendants established that the differing treatment accorded the other builder's application for a certificate of occupancy resulted from differences in the procedural and substantive circumstances between the two construction projects. Moreover, the defendants established, prima facie, that the differing treatment did not in any event result from impermissible considerations or malice (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 631). In opposition, the plaintiff failed to raise a triable issue of fact (*see Molander v Pepperidge Lake Homeowners Assn.*, 82 AD3d 1180, 1182-1183 [2011]).

The defendants also established their prima facie entitlement to judgment as a matter of law on the cause of action seeking damages for tortious interference with contract. In particular, the defendants established, prima facie, that there was no breach of the contract of sale between the plaintiff and the third-party purchasers and, further, that any delays in the granting of the certificate of occupancy were not occasioned by the defendants' intention to interfere with the alleged oral agreement between the plaintiff and the third-party purchasers for "extras" (*see Foster v Churchill*, 87 NY2d 744, 749-750 [1996]; *Chung v Wang*, 79 AD3d 693, 694 [2010]; *Pink v Half Moon Coop. Apts., S., Inc.*, 68 AD3d 739, 740 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Pink v Half Moon Coop. Apts., S., Inc.*, 68 AD3d at 740).

Finally, the Supreme Court correctly held that the cause of

action seeking damages for civil conspiracy must be dismissed because this State does not recognize a cause of action sounding in civil conspiracy. Allegations of a conspiracy "are permitted only to connect the actions of separate defendants with an otherwise actionable tort" (*Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]).

The parties' remaining contentions either are without merit, are not properly before this Court, or need not be addressed in light of the foregoing. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31441(U).]**