# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**786**

**CA 11-02107**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

DEREK PAYNE, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

BUFFALO GENERAL HOSPITAL, STANLEY H. KIM, M.D.,
VINOD R. PATEL, M.D., HEIDI NARINS SUFFOLETTO,
M.D., MEI YIM WONG, M.D., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.
(APPEAL NO. 1.)

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK SPITLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS BUFFALO GENERAL HOSPITAL, HEIDI NARINS
SUFFOLETTO, M.D., AND MEI YIM WONG, M.D.

CONNORS & VILARDO, LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS STANLEY H. KIM, M.D. AND VINOD R. PATEL, M.D.

VINAL & VINAL, BUFFALO (JEANNE M. VINAL OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 21, 2010 in a medical malpractice action. The order granted the oral application of plaintiff to compel defendants to accept his untimely medical expert affirmation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries he sustained after suffering a stroke while under defendants' care. Defendants-appellants (defendants) moved for summary judgment dismissing the complaint against them, and plaintiff made an oral application to compel defendants to accept the untimely affirmation of his medical expert submitted in opposition to defendants' motions. In appeal No. 1, defendants appeal from an order granting plaintiff's application and, in appeal No. 2, they appeal from an order denying their motions for summary judgment dismissing the complaint against them.

With respect to appeal No. 1, we reject defendants' contention that Supreme Court erred in granting plaintiff's application and in thus considering plaintiff's untimely expert affirmation. "While a court can in its discretion accept late papers, CPLR 2214 and [CPLR] 2004 mandate that the delinquent party offer a valid excuse for the delay . . . Additional factors relevant when essentially extending the

return day by accepting late papers include, among others, the length of the delay and any prejudice" (*Mallards Dairy, LLC v E&M Engrs. & Surveyors, P.C.*, 71 AD3d 1415, 1416 [internal quotation marks omitted]; *see generally Foitl v G.A.F. Corp.*, 64 NY2d 911, 912-913). Plaintiff's attorney offered a valid excuse for the delay (*see Mallards Dairy, LLC*, 71 AD3d at 1416; *Associates First Capital v Crabill*, 51 AD3d 1186, 1188, *lv denied* 11 NY3d 702; *cf. Gagnon v St. Joseph's Hosp.*, 90 AD3d 1605, 1607), the delay of only several days was minimal (*see Associates First Capital*, 51 AD3d at 1188), and "any prejudice was alleviated when defendant[s were] permitted to submit . . . reply affidavit[s] in response to plaintiff's late submission" (*Mallards Dairy, LLC*, 71 AD3d at 1416).

With respect to appeal No. 2, we conclude that the court properly denied defendants' motions for summary judgment dismissing the complaint against them. At the outset, we reject the contention of defendants that plaintiff's expert failed to offer an adequate foundation for his qualifications in neurosurgery and emergency medicine. It is well recognized that a plaintiff's expert need not have practiced in the same speciality as the defendants (*see Diel v Bryan*, 57 AD3d 1493, 1494). The record includes the redacted affirmation of plaintiff's expert stating that the expert was a physician duly admitted to practice in New York, had been licensed and had practiced for over 20 years, had a specialty in neurology, and had practiced in emergency room settings in hospitals in Western New York. We conclude that the expert's affirmation was sufficient to demonstrate that the expert has "the requisite skill, training, education, knowledge or experience from which it can be assumed that [the expert's] opinion rendered [on the issues of negligence and proximate cause] is reliable" (*Bickom v Bierwagen*, 48 AD3d 1247, 1248 [internal quotation marks omitted]; *see Chipley v Stephenson*, 72 AD3d 1548, 1549; *cf*. *Behar v Coren*, 21 AD3d 1045, 1047, *lv denied* 6 NY3d 705).

Although we conclude that defendants Buffalo General Hospital, Heidi Narins Suffoletto, M.D. and Mei Yim Wong, M.D. met their initial burden on their motion of establishing their entitlement to judgment as a matter of law, we conclude that the affirmation of plaintiff's expert submitted in opposition to the motion of those defendants raised triable issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). With respect to the motion of defendants Stanley H. Kim, M.D. and Vinod R. Patel, M.D., we note that, as defendants in a medical malpractice case moving for summary judgment dismissing the complaint against them, they had " 'the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Gagnon*, 90 AD3d at 1605). The expert affidavits submitted by those defendants in support of their motion " 'fail[ed] to address each of the specific factual claims of negligence raised in plaintiff's bill of particulars, [and thus] th[ose] affidavit[s are] insufficient to support a motion for summary judgment as a matter of law' " (*id.; see Humphrey v Gardner*, 81 AD3d

1257, 1258).

Entered:  June 15, 2012

Frances E. Cafarell
Clerk of the Court