Malcolm v. Rochester City School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

Bernice Malcolm,

> *Plaintiff-Appellant*,

> v.                                                                    19-2409

Rochester City School District, Barbara Deane-Williams, Superintendent of Schools, Individually, Sandra Simpson, Chief of Specialized Services and former Interim Director of Specialized Services, Individually, Mary Pauly, Executive Director of Specialized Services, Individually, Theresa ("Teresa") Root, Zone Director of Specialized Services, Individually,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Bernice Malcolm, pro se, West Henrietta, NY.

FOR DEFENDANTS-APPELLEES:                   Alison Moyer, Rochester City School District, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bernice Malcolm, proceeding pro se, appeals the district court's judgment dismissing her discrimination complaint against Rochester City School District ("RCSD") and several RCSD officials: Barbara Deane-Williams, Superintendent of RCSD schools; Sandra Simpson, Chief of Specialized Services and Former Interim Director of Specialized Services; Mary Pauly, Executive Director of Specialized Services; and Theresa ("Teresa") Root, Zone Director of Specialized Services. In December 2017, Ms. Malcolm filed two nearly identical complaints in district court, initiating: (1) an action against RCSD, Deane-Williams, Ms. Malcolm's union, and union officials, which the district court designated *Malcolm I*, and (2) the present action, which the district court designated *Malcolm II*. Ms. Malcolm also filed a third complaint against RCSD and Deane-Williams in June 2018, initiating a lawsuit that the district court designated *Malcolm III*. The defendants moved to dismiss all three complaints and, on the same day in July 2019, the district court dismissed the actions with prejudice and without leave to amend. The issue in this appeal is whether the district court properly dismissed *Malcolm II*. We assume the parties' familiarity with the underlying facts, and for the following reasons, we affirm.

First, we conclude that the district court correctly dismissed all of Ms. Malcolm's claims against RCSD and Deane-Williams in *Malcolm II* as duplicative of *Malcolm I*. We review this decision for abuse of discretion. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).[1] It is

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

well established that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time," and so "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Id.* at 138–39. *Malcolm I* and *Malcolm II* were filed within one day of each other in the same court and contained identical allegations and claims against RCSD and Deane-Williams. Thus, the district court had the authority to dismiss *Malcolm II* as duplicative.

Second, we affirm the district court's dismissal of all claims against Simpson, Pauly, and Root. The district court dismissed these causes of action for failure to state a claim, a decision which we review *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Because "we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court," *Lanning v. City of Glens Falls*, 908 F.3d 19, 24 n.4 (2d Cir. 2018), we hold simply that the district court would have been well within its authority to dismiss these claims as duplicative of *Malcolm I* as well. Although Simpson, Pauly, and Root were not named as defendants in *Malcolm I*, the facts relied upon and the claims asserted in both actions were virtually identical. Moreover, Simpson, Pauly, and Root, as RCSD employees, were in privity with RCSD, which was named as a defendant in *Malcolm I*. Ms. Malcolm accordingly may not maintain these two separate lawsuits. *See Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504–07 (2d Cir. 2019) (holding that the rule against duplicative litigation may be invoked where each action relies on the same facts, asserts the same rights, and is brought against parties that are the same or are in privity with each other); *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 68 (2d Cir. 2012) (summary order) (holding, in the claim preclusion context, that "[a]lthough this action adds defendants who were not part of the prior actions, because all of the defendants named in this

3

action are either current or former agents or employees of the school district, the principle of privity bars relitigation of these claims against these new defendants as well.").

We note, finally, that because a prior panel of this Court remanded certain claims in *Malcolm I* with instructions for the district court to reconsider whether to grant Ms. Malcolm leave to amend those claims, Ms. Malcolm will have an opportunity to amend her complaint in *Malcolm I* to add any claims against Simpson, Pauly, and Root that could be cured through more precise pleading.[2]

We have considered all of Ms. Malcolm's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We agree with the district court that claims under Title VII or the Age Discrimination in Employment Act cannot be maintained against Simpson, Pauly, and Root because only employers are liable under these statutes. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order). As explained in our decision in the appeal of *Malcolm I*, *see Malcolm v. ASAR*, No. 19-2412, slip op. at 3–4 (2d. Cir. Oct. 14, 2020), any breach of contract claim arising out of a purported breach of the collective bargaining agreement between Ms. Malcolm's union and her employer is also barred. *See Ifill v. N.Y. State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009). Ms. Malcolm's other claims against Simpson, Pauly, and Root could potentially be re-raised in an amended complaint in *Malcolm I*, and we instruct the district court to consider whether to grant leave to amend accordingly in the remand of *Malcolm I*.