Mo v Libo Zhou (2025 NY Slip Op 01063)

Mo v Libo Zhou

2025 NY Slip Op 01063

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 156545/18|Appeal No. 3763-64|Case No. 2024-01606, 2024-03473|

[*1]Hugh H. Mo, Plaintiff/Counterclaim Defendant-Respondent,
v
Libo Zhou, Defendant/Counterclaim Plaintiff-Appellant, Kevin K. Tung, Esq., Nonparty-Appellant.

Kevin Kerveng Tung, P.C., Flushing (Kevin K. Tung of counsel), for appellants.
The Law Firm of Hugh H. Mo, P.C., New York (Hugh H. Mo of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered February 15, 2024, which granted the motion of plaintiff/counterclaim defendant (Mo) to dismiss the second through fifth counterclaims to the amended complaint pursuant to CPLR 3211(a)(7) and for sanctions pursuant to 22 NYCRR 130-1.1 and, in effect, denied defendant/counterclaim plaintiff (Zhou)'s cross-motion for sanctions, unanimously modified, on the law, the facts and in the exercise of discretion, to deny Mo's motion for sanctions, and otherwise affirmed, without costs.
Order, same court and Justice, entered May 2, 2024, which sanctioned Zhou in the amount of $1,000 and nonparty Kevin K. Tung, Esq. (Zhou's attorney) in the amount of $1,500, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the sanctions vacated.
The court's refusal to consider Zhou's untimely (a) opposition to Mo's motion and (b) cross-motion was not an improvident exercise of discretion, especially since the first time Zhou argued that he had not defaulted was on April 10, 2024, after the court had already granted Mo's motion (see Jimenez v City of New York, 13 AD3d 107 [1st Dept 2004]).
CPLR 2214(b) provides that an opposition to a motion "shall be served at least seven days before [the time at which the motion is noticed to be heard] if a notice of motion served at least sixteen days before such time so demands." Subsection (c) states, "[o]nly papers served in accordance with the provisions of this rule shall be read. . . in opposition to the motion, unless the court for good cause shall otherwise direct." Zhou has never explained why his opposition was untimely, and "[n]o excuse at all. . . cannot be 'good cause'" (Brill v City of New York, 2 NY3d 648, 652 [2004]; see Perini Corp. v City of New York [Department of Envtl. Protection], 16 AD3d 37, 40 [1st Dept 2005]).
Zhou's contention that it is not an absolute requirement in every case for the party who filed opposition a few days late to offer an explanation for the delay, is unavailing. The cases Zhou cites state, "a court may, in its discretion, accept late papers, should the delinquent party provide a valid excuse" (HSBC Bank USA, N.A. v Pacifico, 230 AD3d 571, 574 [2d Dept 20204]; see also Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1130 [3d Dept 2013]), and in the cases Zhou emphasizes, the delinquent parties offered extensive, detailed excuses (see Mallards Dairy, LLC v E&M Engrs. & Surveyors, P.C., 71 AD3d 1415, 1415-1416 [4th Dept 2010]; Associates First Capital v Crabill, 51 AD3d 1186, 1188 [3d Dept 2008], lv denied 11 NY3d 702 [2008]). Zhou's invocation of CPLR 2004 is similarly unavailing ("the court may extend the time fixed by any. . . rule. . . for doing any act, upon such terms as may be just and upon good cause shown" [emphasis added]).
Even if Zhou's opposition to Mo's motion was untimely, a court may not grant sanctions simply because the nonmovant defaulted (see 22 NYCRR [*2]130-1.2). The court reasoned that "the interposing of duplicative counterclaims previously dismissed by the prior motion court constitutes frivolous conduct." However, for the most part, Zhou (by his attorney, Tung) did not interpose counterclaims that had previously been dismissed.
The counterclaims that were previously dismissed were violation of the Rules of Professional Conduct, breach of fiduciary duty, conversion, disclosure of attorney-client communications and other privileged information, and the inclusion of certain details in the original complaint. The counterclaims in the amended answer to the amended complaint are different from those that were previously dismissed. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025