■ FORD MOTOR CREDIT COMPANY, Respondent, v HICKEY FORD SALES, INC., et al., Respondents. JAMES G. HOEHN et al., Appellants, v FORD MOTOR CREDIT COMPANY et al., Respondents. STATE BANK OF ALBANY, Appellant, v FORD MOTOR CREDIT COMPANY et al., Respondents. — Appeals from an order of the Supreme Court at Special Term, entered May 2, 1980 in Albany County, which denied motions to vacate and annul an order of attachment against property of Mary I. Hickey and to enjoin the Sheriff of Albany County from selling such property to satisfy a judgment in favor of Ford Motor Credit Company. Mary I. Hickey was the owner of property located on Pheasant Lane in Menands, New York, when, on June 5, 1978, she conveyed the property to petitioners James and Barbara Hoehn. The sale was evidenced by a deed recorded on August 16, 1978 in the Albany County Clerk's office. Petitioner State Bank of Albany holds a $163,000 mortgage on the property which was similarly recorded on August 16, 1978. As the result of a defective title abstract, neither the Hoehns nor the bank were apprised at the time of the conveyance of a notice of attachment against the property which had been filed with the Albany County Clerk on September 9, 1977. This notice of attachment arose out of an action by the Ford Motor Credit Company (hereinafter Ford) against Hickey Ford Sales, Inc., John F. Hickey, Hickey Realty, Inc., H.M.S. Rotary, Inc., and Mary I. Hickey, and it was based upon an order of attachment granted by Special Term to Ford on May 12, 1977. Ultimately, on December 15, 1978, Special Term granted Ford's motion for summary judgment against all five defendants as to their liability in the action, and on June 21, 1979 Ford was awarded a judgment by Special Term against the five defendants in the amount of $397,955.14. Seeking to enforce its money judgment pursuant to CPLR article 52, Ford thereafter delivered to the Sheriff of Albany County an execution on the Pheasant Lane property grounded upon the May 12, 1977 order of attachment, and on October 22, 1979, the Sheriff issued a notice of sale at public auction of the subject property. In response, petitioners James and Barbara Hoehn and the State Bank of Albany moved to vacate the order and notice of attachment against the property and to enjoin the proposed Sheriff's sale thereof. By order of May 2, 1980, however, Special Term ruled that the attachment of the property and all related proceedings were legal and valid and directed the Sheriff to proceed with the sale. Upon petitioners' filing notices of appeal and posting an undertaking, Special Term then stayed the sale pending determination of the appeals by this court. We hold that the purported order of attachment must be vacated and, in so ruling, note that the order of May 12, 1977 did not in any way relate to the Pheasant Lane property. Although Mary I. Hickey was concededly listed as a defendant in the caption of that order, the body of the order specifically provides that Ford had moved for an order attaching the property only of defendants Hickey Ford Sales, Inc., Hickey Realty, Inc., and John F. Hickey. Accordingly, the resultant order of attachment obviously was issued against the property of these three defendants and not against the property of Mary I. Hickey. A subsequent order of Special Term granted on September 23, 1977 likewise did not constitute an order of attachment against the property at issue here. While this latter order did provide that the attachment order of May 12, 1977 was to remain in full force and effect, we have just noted that the May 12, 1977 order did not relate to and, therefore, could not serve as a proper basis for attaching Mary I. Hickey's property. Moreover, Mary I. Hickey was not even a party in the proceeding which culminated in the September 23, 1977 order. As a consequence, even though that order continued the earlier attachment order in effect against all of the respondents in

the proceeding, it did not affect Mary I. Hickey or her property. In sum, there is no order in the instant record pursuant to which the Pheasant Lane property could be validly and properly attached. Such being the case, the present owners and the mortgagee of the property are clearly entitled to have the orders of May 12, 1977 and September 23, 1977 vacated insofar as they purport to be orders of attachment against the property. Additionally, the proposed Sheriff's sale of the property must be canceled. We need reach no other issue. Order reversed, on the law, with costs, and the purported order and notice of attachment against the property of Mary I. Hickey vacated, the proposed Sheriff's sale of the property enjoined and canceled, and matter remitted to Special Term for a determination of petitioners' damages, if any, under CPLR 6212 (subd [e]). Sweeney, J.P., Kane, Main and Mikoll, JJ., concur; Herlihy, J., not taking part.