■ FORD MOTOR CREDIT COMPANY, Plaintiff, v HICKEY FORD SALES, INC., et al., Defendants. (Action No. 1.) JAMES G. HOEHN et al., Respondents, v FORD MOTOR CREDIT COMPANY, Appellant. (Action No. 2.) STATE BANK OF ALBANY, Respondent, v FORD MOTOR CREDIT COMPANY, Appellant. (Action No. 3.) — Appeal from an order and judgment of the Supreme Court at Trial Term (Hughes, J.), entered May 26, 1982 in Albany County, which assessed damages in favor of petitioners against respondent Ford Motor Credit Company and granted judgment in favor of petitioners against respondent Ford Motor Credit Company. When this matter was before us on a prior occasion, we vacated a notice of attachment against real property of Mary I. Hickey, enjoined and canceled the proposed Sheriff's sale of said property, and remitted the matter to Special Term "for a determination of petitioners' damages, if any, under CPLR 6212 (subd [e])" (*Hoehn v Ford Motor Credit Co.,* 80 AD2d 666, 667, app dsmd 53 NY2d 1010). Following a trial before the court without a jury, petitioners Hoehn were awarded damages consisting of attorney's fees and·· costs incurred in prior litigation, together with compensatory damages for emotional distress suffered by each individual petitioner in the sum of $5,000 each. Petitioner State Bank of Albany was awarded attorney's fees and costs incurred by it in the same litigation. On this appeal respondent Ford Motor Credit Company (Ford) contends that petitioners may not recover damages under CPLR 6212 (subd [e]) because that statute refers to "defendant" as the one entitled to damages, and these petitioners have never been "defendants" in any of the prior proceedings (see *Hoehn v Ford Motor Credit Co., supra*). Although this court implicitly decided this issue on the prior appeal, and there was no application by Ford for reargument, we note that any reasonable construction of the statutory language providing remedies to a party under CPLR 6223, which permit an application to vacate an attachment by motion, should entitle that party to damages under CPLR 6212 (subd [e]). To conclude

otherwise would be illogical, since a parallel but less expeditious remedy provided by CPLR 6221 authorized the commencement of a special proceeding for the same relief and entitles a successful petitioner to damages under the very language of that statute. Thus, when these three statutes are read together, the conclusion is irresistible that petitioners are entitled to damages. Moreover, the individual petitioners stand in the shoes of defendant Mary I. Hickey and hold the same interest in the property previously held by her. Accordingly, they should have the same remedies available to them as a prior "defendant". Turning to the actual damages awarded, CPLR 6212 (subd [e]) specifically provides for the award of attorney's fees and costs under the circumstances presented. Whether that award should include an amount for severe emotional distress suffered by petitioners requires closer scrutiny. We do not doubt that petitioners suffered inconvenience, embarrassment and emotional distress. The record demonstrates that they first learned of the proposed Sheriff's sale of their newly refurbished home at a social gathering. Thereafter they were caused to intercept "prospective buyers" seeking to examine their dwelling at inappropriate times and occasions. Friends called expressing sympathy with their misfortune and they were constantly reminded of the unpleasant prospect facing them, until the prior decision of this court. These and other factors certainly placed them in an unpleasant climate for almost a year, yet, viewing petitioners' assertions in the perspective most favorable to them, we are unable to conclude that they support a claim or cause of action for emotional distress under the strict standard presently existing in this State (*Fischer v Maloney,* 43 NY2d 553). We do not perceive Ford's conduct to be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (see *Murphy v American Home Prods. Corp.,* 58 NY2d 293). Order and judgment modified, on the law and the facts, by reversing so much thereof as awards compensatory damages to petitioner Barbara K. Hoehn in the sum of $5,000, and to petitioner James G. Hoehn in the sum of $5,000, and, as so modified, affirmed, with costs to petitioners filing briefs. Kane, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur.

Levine, J., concurs in a separate memorandum. Levine, J. (concurring). I agree with the majority's determination upholding Trial Term's award of damages for petitioners' pecuniary losses arising out of Ford's wrongful attachment, but disallowing the award of damages to the individual petitioners for emotional distress. Nevertheless, I believe that it is unnecessary for reaching that result and inappropriate to adopt the stringent requirement concerning the wrongdoers' conduct, established in *Fischer v Maloney* (43 NY2d 553), for recovery for the separate tort of intentional infliction of severe emotional distress. In *Fischer,* the court specifically questioned whether "this emerging ground of tort liability" should be at all applicable "where the conduct complained of falls well within the ambit of other traditional tort liability" (*id.* at pp 557-558). Liability for wrongful attachment existed well before the tort of intentional infliction of emotional trauma was recognized, in an action sounding in conversion or trespass (*Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182, 187). It is true that the prevailing case law would require proof of malice or similar aggravating circumstances before compensatory damages could be awarded for emotional distress caused by a wrongful attachment (see, generally, Recovery of Damages for Mental Anguish, Distress, Suffering, or the Like, in Action for Wrongful Attachment, Garnishment, Sequestration, or Execution, Ann., 83 ALR3d 598). However, establishing legal malice, rather than actual malice, should be sufficient (see *Brown v Guaranty Estates Corp.,* 239 NC 595; 6 Am Jur 2d, Attachment and Garnishment, § 598, p 986). Such malice can be inferred from conduct of the wrongdoer far less outrageous than

is required to permit recovery under the *Fischer v Maloney* standard. Moreover, compensatory damages in intentional trespass actions have included "injury, insult, invasion of the privacy and interference with the comfort of the plaintiff and his family", without the *Fischer*-type proof of the defendants' conduct (see *Reed v New York & Richmond Gas Co.,* 93 App Div 453, 455). In the instant case, however, the record is devoid of even the lesser standard of proof of malice or similar aggravating circumstances, and for that reason I join in the majority's determination.