■ JOSEPH A. GALLAGHER, JR., Appellant-Respondent, v CONSOLIDATED EDISON CO. OF NEW YORK, INC., Respondent-Appellant.—In an action, *inter alia,* to recover damages for negligence and intentional infliction of emotional distress, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated December 1, 1988, as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's second through fifth causes of action, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the plaintiff's first cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On September 6, 1979, Tropical Storm David caused Consolidated Edison customers in Westchester County, including the plaintiff, to lose electrical power. Power to the plaintiff's house was not restored until three days after the storm. In March 1981, the plaintiff commenced participation in Consolidated Edison's so-called "level billing plan" and the parties eventually became involved in a billing dispute over the amount owed.

The plaintiff's first cause of action asserted that the defendant breached the "level billing plan" contract by threatening to terminate electrical and gas service. We find that an issue of fact exists with respect to whether certain payments were made under the contract. Accordingly, the plaintiff's first cause of action to recover damages for breach of contract was properly sustained.

The plaintiff's second and third causes of action alleged gross negligence by the defendant based upon the loss of service after the tropical storm and a failure to restore service within a reasonable period of time. We agree with the Supreme Court that the plaintiff failed to provide sufficient evidence in admissible form to overcome the defendant's showing that it had acted in a reasonable and nonnegligent manner.

The fourth and fifth causes of action alleged that the defendant intentionally inflicted emotional distress upon the plaintiff through letters threatening termination of his electrical service. The tort of intentional infliction of emotional distress predicates liability "on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihoffer v Hearst Corp.,* 65 NY2d 135, 143). Clearly, the facts alleged here do not meet this standard and summary judgment was warranted in the absence of any supporting proof *(see, Freihoffer v Hearst Corp., supra; Fischer v Maloney,* 43 NY2d 553). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.