■ THERMO SPAS, INC., Respondent, v RED BALL SPAS & BATHS, INC., et al., Defendants, and STEVEN NAPLES, Appellant. [604 NYS2d 337] —Mahoney, J. Appeals (1) from that part of an order of the Supreme Court (Brown, J.), entered April 6, 1992 in Saratoga County which granted plaintiff's motion for a default judgment against defendant Steven Naples, and (2) from that part of an order of said court, entered June 3, 1992 in Saratoga County which assessed damages against defendant Steven Naples.

In 1989, defendants Red Ball Spas & Baths, Inc., Ooo's & Aah's Spas, Inc. and Dollars Worth Spas & Baths, Inc. (hereinafter the corporate defendants) arranged with plaintiff, a supplier of spas and hot tubs, to market and sell its products. When the corporate defendants failed to make payment in accord with the agreement, plaintiff sued them and their personal guarantors, defendants Lawrence Dwyer and Steven Naples. Following joinder of issue, plaintiff served defendants with a discovery notice requesting various corporate records. Defendants failed to timely comply, prompting plaintiff to move for and obtain a 30-day conditional order of dismissal. When defendants still did not produce the documents within the 30-day period, plaintiff then moved pursuant to CPLR 3126 to strike defendants' answer and for a default judgment.

The motion was returnable on January 24, 1992 and when

no one appeared in opposition, Supreme Court directed plaintiff to renotice the motion for February 21, 1992 and to reserve it along with its supporting papers upon all defendants by registered mail. This was accomplished. While defendants submitted no opposition papers within the time period allowed by CPLR 2214, on the return date defendants' attorney appeared and served plaintiff with an affidavit in opposition on behalf of Naples along with a cross motion to dismiss the complaint as to Naples on grounds that he did not execute a guarantee for any of the corporate defendants. Plaintiff objected to the untimeliness. Supreme Court granted plaintiff's motion, and as evidenced by a reading of the order, apparently did not consider the late submission. The court further ordered plaintiff to submit affidavits regarding proof of damages. Upon receipt of this evidence, the court, among other things, granted judgment against Naples in the amount of $34,677.47. Naples appeals.*

We affirm. In view of the foregoing sequence of events, we discern no abuse of discretion in Supreme Court's failure to consider the woefully late papers submitted on Naples' behalf. While a court can in its discretion accept late papers, CPLR 2214 and 2004 mandate that the delinquent party offer a valid excuse for the delay before being allowed to submit them *(see, Hartwich v Young,* 149 AD2d 762, 765, *lv denied* 75 NY2d 701; *Henderson v Stilwell,* 116 AD2d 861, 862, *lv denied* 68 NY2d 606; *Dominski v Firestone Tire & Rubber Co.,* 92 AD2d 704; *Wallin v Wallin,* 34 AD2d 870; *cf., Romeo v Ben-Soph Food Corp.,* 146 AD2d 688, 690). Here, Naples made no such showing.

Finally, inasmuch as the papers submitted by plaintiff with regard to the dollar amount of the indebtedness of each of the corporate defendants, including the corporate defendant for whom Naples executed a guarantee, fully support the result found by Supreme Court we see no reason to disturb the judgment *(see, Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568).

Mercure, J. P., Cardona, White and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* While plaintiff takes issue with the propriety of this appeal relying on precedent which precludes direct appeal from a default judgment, it is well established that this mode of proceeding is proper in cases where the default is predicated upon CPLR 3126 *(see, Champion v Wilsey,* 150 AD2d 833, 834; *see also, Banner Serv. Corp. v Hall,* 185 AD2d 613).