■ Associates First Capital, as Successor to Associates Financial Services Company, Inc. and Associates Consumer Discount Company, Respondent, v Georgianne Crabill, Also Known as Georgianne R. Crabill, et al., Appellants, et al., Defendants. [857 NYS2d 799]—

Lahtinen, J. Appeal from an order of the Supreme Court (Doyle, J.), entered March 30, 2007 in Albany County, which granted plaintiff's motion for summary judgment dismissing the counterclaim of defendants Georgianne Crabill and William Crabill.

In this dispute arising from subprime mortgage refinancing, the issues before us include whether Supreme Court erred in refusing to consider papers submitted late by defendants William Crabill and Georgianne Crabill (hereinafter collectively referred to as defendants) in opposition to plaintiff's motion for summary judgment dismissing defendants' counterclaims and whether there is a triable issue as to defendants' cause of action

for the intentional infliction of emotional distress. Briefly stated, in May 2003, defendants refinanced with Citifinancial Mortgage Company a loan that they had obtained four years earlier from a company ostensibly intertwined with Citifinancial, Associates Consumer Discount Company. The loans were secured by mortgages on their home in Albany County. After the second loan had closed, a dispute arose regarding the proper payoff because a credit life insurance policy taken out as part of the first mortgage (and paid on a monthly basis) had been omitted from Citifinancial's calculations. On the advice of counsel, defendants refused to pay the credit insurance account because a class action lawsuit was pending regarding plaintiff's practices as to such accounts nationwide.

In February 2006, defendants received a credit of approximately $2,100 as part of the class action settlement and, in April 2006, plaintiff commenced this foreclosure action asserting that is was still owed about $10,000 on the insurance account. Defendants alleged numerous counterclaims including, as currently relevant, the intentional infliction of emotional distress. Plaintiff, which had reportedly discontinued its foreclosure action, moved for summary judgment dismissing defendants' counterclaims. Defendants' papers in opposition were not served in compliance with CPLR 2214 (b). Supreme Court thus treated plaintiff's motion as unopposed and, upon such ground, granted summary judgment dismissing all counterclaims. Defendants appeal.

If a motion is made at least 16 days before the return date and includes a proper demand, then answering papers must be mailed at least seven days before the return date (*see* CPLR 2214 [b]; *see generally* Siegel, NY Prac § 247 [4th ed]). "While a court can in its discretion accept late papers, CPLR 2214 and 2004 mandate that the delinquent party offer a valid excuse for the delay" (*Thermo Spas v Red Ball Spas & Baths*, 199 AD2d 605, 606 [1993] [citations omitted]). Additional factors relevant when essentially extending the return day by accepting late papers include, among others, the length of the delay and any prejudice (*see Matter of Burkich*, 12 AD3d 755, 756 [2004]; *Saha v Record*, 307 AD2d 550, 551 [2003]).

Here, plaintiff's motion was dated December 27, 2006, with an original return date of January 16, 2007, and included a demand for opposition papers seven days before the return date. The motion was adjourned upon consent to January 30, 2007 and then February 6, 2007. Defendants hand-delivered their responding papers to Supreme Court on February 5, 2007 together with a cover letter consenting to a 30-day extension for

plaintiff to reply. Plaintiff wrote a letter urging Supreme Court to reject the untimely papers. Nonetheless, ostensibly availing itself of the proffered extension, plaintiff filed reply papers with the court on February 21, 2007. In the interim, on February 9, 2007, defendants' counsel submitted an extensive affirmation explaining in detail the personal problems and law office failures that resulted in the delay in opposing the motion. The delay was minimal (less than one week), there was no showing of prejudice to plaintiff (which availed itself of the additional time and submitted a considerable reply), and a detailed explanation was provided for the delay. Under such circumstances and in light of the preference for resolving cases on their merits (*see e.g. Aabel v Town of Poughkeepsie,* 301 AD2d 739, 739 [2003]), as well as the fact that lesser sanctions would have better addressed the short delay, we find that Supreme Court erred in considering plaintiff's motion unopposed and granting the motion upon such ground.

Nonetheless, review of the papers submitted by defendants and the issues as narrowed by their argument reveals that summary judgment was appropriate. Defendants contend that there are factual issues as to their cause of action for the intentional infliction of emotional distress. Such a cause of action will be "found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Howell v New York Post Co.,* 81 NY2d 115, 122 [1993] [internal quotation marks and citations omitted]). While a dispute over indebtedness and concomitant collection efforts may fall to such a level of loathsome conduct as to justify a cause of action for the intentional infliction of emotional distress (*see Long v Beneficial Fin. Co. of N.Y.,* 39 AD2d 11, 12-15 [1972]), conduct that causes inconvenience and embarrassment or places a person in an uncomfortable situation for a protracted time is not sufficient (*see Ford Motor Credit Co. v Hickey Ford Sales,* 94 AD2d 902, 903 [1983], *affd* 62 NY2d 291 [1984]; *see also Gallagher v Consolidated Edison Co. of N.Y.,* 162 AD2d 657, 658 [1990], *appeal dismissed* 76 NY2d 935 [1990]; *Crandall v Bernard, Overton & Russell,* 133 AD2d 878, 880 [1987], *lv dismissed* 70 NY2d 940 [1988]). Defendants' affidavit details, among other things, their frustrations in trying to resolve the disputed amount, threats of foreclosures they received, phone calls placed to the workplace of one of the defendants that were embarrassing and upsetting, misrepresentations as to the amount owed, and stress resulting from the ongoing dispute. While such conduct was unfortunate and undoubtedly caused embarrassment and stress, it did not

meet the " 'rigorous . . . and difficult to satisfy' " requirements for a viable cause of action for intentional infliction of emotional distress (*Howell v New York Post Co.*, 81 NY2d at 122, quoting Prosser and Keeton, Torts § 12, at 60-61 [5th ed]).

The remaining arguments have been considered and found unavailing.

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.