■ DEBORAH KELLER, Respondent, v TOM MCDONALD, Appellant. [924 NYS2d 301]—

Mercure, J.P. Appeal from an order of the County Court of Cortland County (Ames, J.), entered July 31, 2009, which, upon reargument, affirmed an order of the City Court of the City of Cortland denying defendant's motion to dismiss the complaint.

Plaintiff commenced this action in Cortland City Court alleging that defendant failed to repay a $5,000 loan. Defendant moved to dismiss the complaint as barred by the statute of frauds or, alternatively, for failure to state a cause of action. Plaintiff conceded at the hearing on the motion that her opposing papers were untimely, but she offered no excuse for the late service. Nonetheless, City Court accepted the papers, finding that no prejudice resulted from their untimeliness, and denied the motion on the merits. Defendant appealed to County Court, which ultimately affirmed, holding that City Court did not err in reading the responsive papers and had correctly decided the motion. Defendant appeals and we now affirm.

Pursuant to CPLR 2214, if papers served on a motion are not timely, they will not "be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct" (CPLR 2214 [c]; *see Associates First Capital v Crabill*, 51 AD3d 1186, 1187 [2008], *lv denied* 11 NY3d 702 [2008]; *Thermo Spas v Red Ball Spas & Baths*, 199 AD2d 605, 606 [1993]). Here, because plaintiff offered no excuse for the late service, City Court should not have considered the untimely responsive papers (*see Mosheyeva v Distefano*, 288 AD2d 448, 449 [2001]; *see also Thermo Spas v Red Ball Spas & Baths*, 199 AD2d at 606; *Bush v Hayward*, 156 AD2d 899, 901 [1989], *lv denied* 75 NY2d 709 [1990]; *Henderson v Stilwell*, 116 AD2d 861, 862 [1986], *lv denied* 68 NY2d 606 [1986]). Even without considering plaintiff's responsive papers, however, we conclude that the motion to dismiss was properly denied, inasmuch as the complaint asserts a cognizable claim that is not barred by the statute of frauds.

Rose, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.