*Levin v. American Document Services, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

Isaac Levin, Ofra Levin,

> *Plaintiffs-Appellants*,

> v.                                                                                        19-2938

American Document Services, LLC, Todd C. Johnson, Joyce Breuninger, Lender Processing Services, Inc., DOCX, LLC, Black Knight Financial Services, Wells Fargo Bank, N.A., As Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1, Black Knight Infoserv, LLC, FKA Lender Processing Services, Inc.,

> *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | ISAAC LEVIN, Ofra Levin, pro se, North Woodmere, NY. |

**FOR DEFENDANTS-APPELLEES AMERICAN DOCUMENT SERVICES, LLC, BLACK KNIGHT FINANCIAL SERVICES, BLACK KNIGHT INFOSERV, LLC, DOCX, LLC, LENDER PROCESSING SERVICES, INC., JOYCE BREUNINGER, TODD C. JOHNSON:**

FRED O. GOLDBERG, Berger Singerman LLP, Miami, FL.

**FOR DEFENDANTS-APPELLEES BLACK KNIGHT FINANCIAL SERVICES, BLACK KNIGHT INFOSERV, LLC, LENDER PROCESSING SERVICES, INC., TODD C. JOHNSON:**

Mark A. Berman, Ganfer Shore Leeds & Zauderer LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES AMERICAN DOCUMENT SERVICES, LLC, DOCX, LLC, JOYCE BREUNINGER:**

Terence D. Watson, Fidelity National Law Group, New York, NY.

**FOR DEFENDANT-APPELLEE WELLS FARGO BANK, N.A.:**

Brian Pantaleo, Greenberg Traurig, LLP, Florham Park, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J*.; Shields, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dated August 19, 2019, is **AFFIRMED**.

Plaintiffs-Appellants Ofra and Isaac Levin, proceeding pro se, sued Wells Fargo Bank; Lender Processing Services, Inc. ("LPS") (n/k/a Black Knight InfoServ, LLC), and two of its subsidiaries, American Document Services, LLC ("ADS"), and DocX, LLC; Black Knight Financial Services, an entity that acquired LPS and its subsidiaries in 2014 (collectively, the "ADS

2

Defendants"); and two ADS executives,[1] related to Wells Fargo's pending action to foreclose on the Levins' home. The Levins alleged that the ADS defendants worked in concert, at Wells Fargo's direction, to fraudulently assign their mortgage twice, and that Wells Fargo therefore had no legal right to foreclose. As relevant to this appeal, they sought a declaration that the allegedly fraudulent assignments are void as a matter of law, and alleged claims for fraudulent misrepresentation and intentional infliction of emotional distress ("IIED"). Wells Fargo and the ADS defendants moved to dismiss; the Levins opposed and cross-moved for declaratory judgment.

Adopting the Report & Recommendation of the magistrate judge, the district court (1) dismissed for lack of standing the Levins' claims for declaratory relief related to the validity of the mortgage assignments; (2) dismissed for failure to state a claim the Levins' fraudulent misrepresentation and IIED claims; (3) denied as moot the Levins' cross-motion for declaratory judgment; and (4) denied the Levins leave to amend the complaint, concluding that amendment would be futile. The Levins now appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the judgment of the district court.

## I. Standing

We review de novo the district court's dismissal of a complaint for lack of standing. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). At the pleading stage, courts must accept as true all factual allegations in a complaint and consider standing in the light most favorable to the plaintiff. *Pennell v. City of San Jose*, 485 U.S. 1, 7

---

[1] The district court initially dismissed the complaint as to the individual defendants, Joyce Breuninger and Todd C. Johnson. On appeal, the Levins do not challenge the dismissal order as to these two defendants.

3

(1988). A plaintiff must establish both constitutional and prudential standing to proceed on a complaint. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84 (2d Cir. 2014).

To have constitutional standing, a plaintiff must show (1) that he has suffered an injury-in-fact—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the conduct he complains of; and (3) that "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). For prudential standing, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In *Rajamin v. Deutsche Bank National Trust Co.*, the plaintiff mortgagors challenged allegedly defective assignments of their mortgages by their original mortgagee to various trusts. 757 F.3d at 81–82. We held that none of the plaintiffs suffered a cognizable injury-in-fact such as would establish constitutional standing because, first, they did not dispute that they took out the loans, secured them by mortgages on their homes, and were obligated to repay them; and second, they had not pleaded that they paid more than the amounts due, that they received any demand for a duplicative or excess payment, or that any entity other than the defendants had demanded payment or instituted foreclosure proceedings against their properties. *Id.* at 85. Consequently, the injuries that plaintiffs alleged were hypothetical and conjectural, not actual or imminent. *Id.* at 85–86. We further held that the plaintiffs did not have prudential standing to challenge the assignments because they were neither parties to nor intended third-party beneficiaries of the assignments. *Id.* at 86–87.

4

We conclude that, under *Rajamin*, the district court correctly held that the Levins lacked both constitutional and prudential standing to challenge the assignments of their mortgage.[2] They did not have constitutional standing because they did not suffer an injury-in-fact, as the assignments at issue did not affect their underlying debt obligations or the terms of their mortgage. *See id.* at 85. They did not have prudential standing because they were neither parties to, nor third-party beneficiaries of, the assignments. *See id.* at 86–87. Relying on nonbinding and inapposite caselaw, the Levins counter that they have prudential standing to challenge void assignments and that the assignments here are void because of allegedly fraudulent and unauthorized signatures affixed to the documents. This argument fails because, under New York law, an unauthorized signature on a negotiable instrument such as a mortgage may be ratified, meaning the allegedly unauthorized assignments were voidable, not void. *See* N.Y. U.C.C. § 3-404(2), cmt. 1 (McKinney) (unauthorized signature on negotiable instrument—including by forgery or by agent exceeding his authority—may be ratified). Therefore, the Levins do not have standing to seek declaratory relief on the basis of their challenge to the assignments of their mortgage. The district court did not err by dismissing the Levins' claim for declaratory relief and denying the Levins' cross-motion for declaratory judgment.

## II.      Failure to State a Claim

We review de novo the dismissal of a complaint for failure to state a claim. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). On such review, we "accept[] as true all

---

[2] The Levins made no allegation in their complaint that the behavior of the original lender and that of the ultimate assignee differed in any important respect, so we have no occasion to decide whether, in such a situation, there would be standing.

5

factual claims in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 9(b) further requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Applying these standards, we conclude that the district court did not err in determining that the Levins failed to state claims for fraudulent misrepresentation or IIED.

The Levins alleged that the defendants committed fraudulent misrepresentation by working in concert with each other to execute the purportedly fraudulent assignments. To state a fraudulent misrepresentation claim under New York law, a plaintiff must plausibly allege that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186–87 (2d Cir. 2004) (internal quotation marks omitted).

The Levins failed to allege that they reasonably relied on the alleged fraud. The purportedly fraudulent assignments were executed in 2008 and 2009, well after Ofra Levin executed the mortgage in 2006. The Levins advance no argument on appeal that they properly pleaded their reliance—reasonable or otherwise—on the relevant misrepresentations.

As for their IIED claim, the Levins alleged that the defendants' fraudulent conduct was "extreme and outrageous," and that their fear of imminent foreclosure caused them emotional

6

distress. To state a claim for IIED under New York law, a plaintiff must plausibly allege "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). "Extreme and outrageous" conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Id.* at 790–91 (internal quotation marks and brackets omitted). New York courts have expressed doubt that the "frustrations" and "stress" that arise from the attempted collection of a disputed debt, including through "threats of foreclosure," suffice to establish "severe emotional distress." *Assocs. First Capital v. Crabill*, 51 A.D.3d 1186, 1188-89, 857 N.Y.S.2d 799 (N.Y. App. Div. 3d Dep't 2008). The requirements of an IIED claim are "rigorous, and difficult to satisfy." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 122 (1993) (internal quotation marks omitted).

The Levins failed to meet this standard. First, absent the pleading of more specific and severe emotional harm, their alleged emotional injury—fear of a pending foreclosure—is likely not sufficiently severe to trigger liability. Even if it were, however, the defendants' alleged conduct—fraudulently assigning the Levins' debt, while subjecting the Levins to no additional debt than that they initially undertook—was not "extreme" or "outrageous." *See Bender*, 78 F.3d at 790.

## III. Denial of Leave to Amend

We review de novo the district court's denial of leave to amend based on futility. *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007). For the reasons discussed above, the district court did not err in denying, based on futility, the Levins' request to file an amended

7

complaint. With respect to their claim for declaratory relief, under *Rajamin* the Levins lacked both Article III and prudential standing to assert any claims regarding the assignments of their mortgage. The Levins' fraudulent misrepresentation claims also could not be revived by amendment because, in light of the facts they have already pleaded, the Levins could not plausibly allege that they relied in some material way on the assignments of their mortgage. And even if the Levins could support their IIED claim by alleging more severe emotional harm, their pleading in this regard still is inadequate because the defendants' alleged conduct (working together to effect a fraudulent assignment of a defaulted mortgage without subjecting the Levins to additional debt) falls well short of "extreme and outrageous" conduct under New York law. *See Bender*, 78 F.3d at 790. Accordingly, amendment would be futile.

We have reviewed the Levins' remaining arguments and conclude that they have no merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8