U.S. Bank N.A. v Craft (2025 NY Slip Op 04510)

U.S. Bank N.A. v Craft

2025 NY Slip Op 04510

Decided on July 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 31, 2025

CV-24-0688
[*1]U.S. Bank National Association, as Trustee, Respondent,
v
Michael G. Craft Jr., as Administrator of the Estate of Elizabeth Craft, Appellant, et al., Defendants.

Calendar Date:April 23, 2025

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Sandra Poland Demars, Albany, for appellant.
Gross Polowy, LLC, Williamsville (Adam M. Swanson of McCarter & English, LLP, New York City, of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered March 11, 2024 in Albany County, which, among other things, granted plaintiff's motion for summary judgment.
In November 2003, Elizabeth Craft (hereinafter decedent) executed a note for $108,000 secured by a mortgage on real property located within the Town of Colonie, Albany County. Decedent died in 2007, and, after her death, decedent's estate defaulted on the mortgage loan. As a result, Bank of America, N.A. — plaintiff's predecessor in interest — commenced a foreclosure action in 2007 (hereinafter the first action). The first action was discontinued by stipulation of the parties in 2012. Defendant Michael G. Craft Jr., as administrator of decedent's estate (hereinafter defendant), failed to make mortgage payments in April 2013, prompting plaintiff to bring this foreclosure action in 2019. Defendant joined issue, asserted affirmative defenses, including plaintiff's lack of standing, and, as relevant here, interposed a counterclaim for discharge of the mortgage as time-barred. The parties thereafter cross-moved for summary judgment.
Meanwhile, the Legislature passed the Foreclosure Abuse Prevention Act (L 2022, ch 821 [hereinafter FAPA]). Under FAPA, "the voluntary discontinuance of [a foreclosure] action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (CPLR 3217 [e]). FAPA applies to actions "in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). The parties submitted supplemental briefing on FAPA's impact on this action, after which Supreme Court found that plaintiff established standing and that FAPA did not retroactively apply so as to render this action time-barred. Thus, the court granted plaintiff's cross-motion, denied defendant's motion and dismissed defendant's counterclaims. Defendant appeals.
Initially, plaintiff established standing as a matter of law by, as relevant here, tendering proof that it was "the holder or assignee of the underlying note at the time the action [was] commenced" (Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1128 [3d Dept 2018] [internal quotation marks and citations omitted]; accord U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1171 [3d Dept 2019]). Plaintiff attached to the complaint a copy of the note originated by Fleet Bank, and an undated allonge to the note specially indorsed from Bank of America — Fleet Bank's successor corporation by merger — to plaintiff (see UCC 3-204 [1]). Those documents also accompanied plaintiff's motion papers, along with an affidavit from an employee of Rushmore Loan Management Services, plaintiff's loan servicer and attorney-in-fact, who attested to his knowledge of Rushmore's record-keeping practices and that, on June 1, 2017, Rushmore was in possession [*2]of the note with the allonge stapled thereto, which possession was prior to commencement of the action in 2019. The foregoing proof established plaintiff's standing as a matter of law, and defendant did not meet his shifted burden to submit proof raising a triable issue of fact (compare U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1172-1173; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [3d Dept 2015]). Under these circumstances, and contrary to defendant's contention, proof detailing how plaintiff came into possession of the note was not required to establish standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]).
We do, however, agree with defendant that this action is time-barred, and must be dismissed. "[T]he six-year statute of limitations applicable to a foreclosure action begins to run when a mortgage debt has been accelerated by the commencement of an action seeking the entire sum due" (U.S. Bank N.A. v Lynch, 233 AD3d 113, 118 [3d Dept 2024] [internal quotation marks, brackets and citation omitted], appeal dismissed 43 NY3d 985 [2025]). The first action was commenced in 2007, and such commencement accelerated the loan and called due the entire outstanding balance; thus, the six-year statute of limitations began to run at that time. Pursuant to FAPA, enacted during the pendency of this action, the parties' 2012 stipulation discontinuing the first action, by itself, did not reset the statute of limitations, which expired in 2013 (see CPLR 3217 [e]; Maneri v Residential Funding Co., LLC, 227 AD3d 796, 798 [2d Dept 2024]). Plaintiff did not commence this action until 2019, well after expiration of the statute of limitations (see Maneri v Residential Funding Co., LLC, 227 AD3d at 798). Thus, defendant demonstrated prima facie that this action, which is based upon the same mortgage debt as the first action, is time-barred (see CPLR 213 [4]). In opposition to defendant's showing, plaintiff failed to raise a triable issue of fact, and Supreme Court should have dismissed the foreclosure action (see U.S. Bank N.A. v Lynch, 233 AD3d at 118; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723 [2d Dept 2023]).
We have recently addressed plaintiff's position that FAPA does not apply retroactively, and we again reject it. The Legislature drafted FAPA in response to the Court of Appeals' opinion in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), which held for the first time that, "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitute[d] an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (id. at 32). Such revocation of an acceleration, or de-acceleration, thus removed the borrower's obligation to pay immediately and reinstated the borrower's right to pay in monthly installments (see id. at 28). Under Engel, a noteholder who had [*3]revoked the acceleration by discontinuing a foreclosure action was then free to exercise its acceleration right again and call the entire sum due, "at which point a new foreclosure claim on that outstanding debt would accrue with a [new] six-year limitations period" (id.; see U.S. Bank N.A. v Lynch, 233 AD3d at 116-117).
Reflecting the Legislature's urgent concern that Engel sanctioned a noteholder's unilateral ability to reset the statute of limitations through start-and-stop litigation that exacerbated "an ongoing problem with abuses of the judicial foreclosure process" affecting borrowers, including "those [borrowers] currently involved in mortgage foreclosure actions" (Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 8; accord Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 98), the enacted law directs that FAPA "shall take effect immediately" and apply to "all actions commenced on an instrument [secured by a mortgage on real property] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). To protect borrowers engaged in foreclosure litigation when FAPA was enacted in December 2022, the Legislature could only have intended for FAPA to encompass previous foreclosure actions against those borrowers that were discontinued before FAPA's enactment. Retroactive application of FAPA is therefore necessary to give effect to its remedial purpose — as we have held in our prior cases (see e.g. Bank of N.Y. Mellon v Richards, 233 AD3d 1250, 1251 [3d Dept 2024]; U.S. Bank N.A. v Lynch, 233 AD3d at 117). We decline plaintiff's invitation to overrule those cases, as plaintiff has not presented "a compelling justification . . . for such a drastic step" (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 96 [2023] [internal quotation marks and citation omitted]).
Stare decisis also compels rejection of plaintiff's contention that retroactive application of FAPA runs afoul of due process. As we stated in U.S. Bank N.A. v Lynch (233 AD3d 113), the Legislature enacted FAPA to overrule "case law that would allow noteholders to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners" (id. at 117-118). "The passage of this remedial legislation 'clarif[ied] the judicial process through which noteholders could recover on a mortgage debt, while also protecting homeowners from having to defend multiple foreclosure actions for lengths of time that far exceed the applicable statutes of limitations. As such clarifications are rationally related to the legitimate legislative purpose of providing a mechanism for parties to resolve their disputes with finality, we find that retroactive application of FAPA to foreclosure actions where a final judgment has not been enforced does not violate plaintiff's due process rights' " (Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d 1291, 1293 [3d Dept 2025] [citation omitted], quoting U.S. Bank N.A. v Lynch[*4], 233 AD3d at 117-118; see FV-1, Inc. v Palaguachi, 234 AD3d 818, 822 [2d Dept 2025]).
Contrary to plaintiff's further due process contention, retroactive application of FAPA to this action does not impair a vested right (see Wilmington Trust, N.A. v Farkas, 232 AD3d 524, 526-527 [1st Dept 2024]). The 2012 stipulation did not de-accelerate the loan under its own terms or by operation of then-existing law (see Van Dyke v U.S. Bank, N.A., 235 AD3d 517, 519 [1st Dept 2025], lv granted 43 NY3d 905 [2025]). Thus, the statute of limitations for an action based upon the subject note expired in 2013. Consequently, this action, which is based upon the same note, was not viable at the time it was commenced in 2019 (compare Ruffolo v Garbarini & Scher, 239 AD2d 8, 12 [1st Dept 1998]).
We are also not persuaded that retroactive application of FAPA in this case violates the Contracts Clause of the US Constitution (see Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d at 1294). The Contracts Clause prohibits the states from making laws that "impair[ ] the [o]bligation of [c]ontracts" (US Const, art I, § 10). "The threshold inquiry is whether the state law has, in fact, operated as a substantial impairment of a contractual relationship" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1070 [2d Dept 2024] [internal quotations marks and citation omitted]; see Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d at 1294; Matter of Buffalo Teachers Fedn., Inc. v Elia, 162 AD3d 1169, 1176 [3d Dept 2018], lv denied 32 NY3d 915 [2019]). That "inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial" (General Motors Corp. v Romein, 503 US 181, 186 [1992]).
Here, "the plain language setting forth the contractual right of the lender to accelerate the entire debt is discretionary rather than mandatory, [and plaintiff] maintained the right to later revoke the acceleration" (Milone v US Bank N.A., 164 AD3d 145, 155 [2d Dept 2018], lv dismissed 34 NY3d 1009 [2019]; see Wilmington Trust, N.A. v Farkas, 232 AD3d at 527). But plaintiff's right to revoke its election to accelerate does not encompass a right to do so by voluntary discontinuance alone because, when the mortgage agreement was created, "[d]iscontinuing a prior foreclosure action, without more, [was] insufficient to constitute an affirmative act to revoke a lender's election to accelerate" (Specialized Loan Servicing Inc. v Nimec, 183 AD3d 962, 964 [3d Dept 2020]; see e.g. Federal Land Bank of Springfield, Mass. v Shoemaker, 147 Misc 308, 309 [County Ct, Madison County 1933] [noting that, under settled law at that time, a valid reinstatement of a mortgage after an election to accelerate required the borrower's consent or valuable consideration]; cf. Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d 1126, 1128 [3d Dept 2020], lv denied 35 NY3d 918 [2020]; [*5]U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d 1086, 1088 [3d Dept 2020] [pre-Engel], superseded by 194 AD3d 1135 [3d Dept 2021] [post-Engel]; Wells Fargo Bank, N.A. v Liburd, 176 AD3d 464, 464 [1st Dept 2019]; see generally Freedom Mtge. Corp. v Engel, 37 NY3d at 28 [recognizing that very few older cases address the manner in which a lender may revoke an election to accelerate a loan]). Thus, "there is no existing contractual agreement regarding the terms changed by [FAPA]," and, consequently, "there is no need to consider whether there was in fact an impairment and whether it was substantial" (Ballentine v Koch, 89 NY2d 51, 60 [1996]; accord Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 359 [2005]; see Deutsche Bank Natl. Trust Co. v Goldwasser, 237 AD3d at 1294).
In view of the foregoing, we must reinstate defendant's first counterclaim seeking sanctions for frivolous conduct, which was dismissed solely based upon Supreme Court's finding that this action was timely and meritorious. The first counterclaim alleges that plaintiff seeks amounts defendant does not owe and that plaintiff unilaterally halted the instant action for three years without discontinuing it to gather documents and information from mortgage servicers which never materialized (see generally 22 NYCRR 130-1.1 [c]; U.S. Bank N.A. v Nunez, 208 AD3d 711, 713 [2d Dept 2022]). We remit this counterclaim for further consideration and disposition (see generally 22 NYCRR 130-1.1 [d]). As for the second counterclaim, defendant established that this action is time-barred as a matter of law, entitling him to discharge of the mortgage on the subject property (see RPAPL 1501 [4]; U.S. Bank N.A. v Outlaw, 217 AD3d at 723; LePore v Shaheen, 32 AD3d 1330, 1331 [4th Dept 2006]). We decline defendant's request to reinstate his third counterclaim, as the record does not support a cause of action for intentional inflection of emotional distress (see CPLR 3212; Freihofer v Hearst Corp., 65 NY2d 135, 143-144 [1985]; Associates First Capital v Crabill, 51 AD3d 1186, 1188 [3d Dept 2008], lv denied 11 NY3d 702 [2008]).
The parties' remaining contentions, to the extent not expressly addressed herein, have either been rendered academic or lack merit.
Clark, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross-motion for summary judgment, dismissed defendant Michael G. Craft Jr.'s first and second counterclaims and denied his motion for summary judgment dismissing the complaint and discharging the subject mortgage; cross-motion denied to that extent, first and second counterclaims reinstated and defendant's motion for summary judgment is granted to the extent of dismissing the complaint and discharging the subject mortgage; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.